

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| BETSY DEANN WASHBURN, | ) | |
| | ) | |
| Petitioner-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33077 |
| | ) | |
| SHEILA LYNN KIRK, | ) | **Filed: August 12, 2014** |
| | ) | |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable William J. Clarkson, II, Associate Judge

## **REVERSED**

Respondent Betsy Deann Washburn, a middle school teacher ("Teacher"), and

Appellant Sheila Lynn Kirk, the mother ("Mother") of a middle school child, had a verbal

confrontation at Walmart about Mother's child. According to both parties, the meeting

was accidental as both parties were shopping there and ended up close to each other in

the check-out line. Mother introduced herself and politely asked Teacher to talk to her

about the child. Teacher, who was on her cell phone,

> asked [Mother] to not talk to me, I was on the cell[]phone, and she said
> she tried to contact me at school and I wasn't returning her phone calls.
> And I said, "[Mother], I can't talk to you about this right now. This is a
> school matter. You need to make an appointment. Meet me at -- you
> know, contact me at school we can discuss it there."

1

And then she just continued to raise her voice, would not leave me alone. I asked her more than once to leave me alone. She kind of had me in a spot where I was in this spot where I was -- her family was behind me and I was -- my cart was there and she was kind of standing there, I couldn't get out and she just kept, you know, "You need to -- You need to talk to me." You're -- You're -- Basically, she was saying I had -- was mistreating her son and -- in class and that I needed to stop and that she had enough of me and she was tired of dealing with me and I wouldn't respond to her phone calls.

Teacher tried to get her groceries out quickly and Mother returned to her family but loudly continued to complain about Teacher not talking to her and treating her son badly in class. Mother did not follow Teacher out of Walmart and there was no further contact until the night of the parent/teacher conferences. Unbeknownst to Mother, Teacher filed an ex parte order of protection claiming that Mother was stalking her; however, the order was not served on Mother prior to the school conferences. Mother was speaking with a teacher across the hall. When Teacher saw her, she shut her door and tried to walk out. Teacher testified that:

> [Mother] said, "You have to talk to me.
>> And I said, "No, I don't. Please leave me alone."
> [Mother] goes, "You're going to talk to me."
>> And I said, "No, I'm not going to talk to you. You need to leave
> me alone. I'm going to go to the office and you need not to follow me."
>> And she said, "Well, I can come to the office."
>> And I said, "I wouldn't come to the office if I were you. I would
> just leave me alone. I'm going to go in here."

Teacher went to the office and the "principal dealt with it after that point." In her sole point, Mother claims the trial court erred in issuing the full order of protection in that these contacts do not meet the definition of "stalking" under section 455.020.[1] Mother is correct.

---

[1] All references to statutes are to RSMo Cum. Supp. 2013, unless otherwise specified.

Section 455.020 provides that "[a]ny person who has been subject to domestic violence by a present or former family or household member, or who has been the victim of stalking, may seek relief . . . by filing a verified petition alleging such domestic violence or stalking by the respondent." There is no dispute that Teacher was not a person who was subject to domestic violence by a present or former family or household member. What remains is a claim by Teacher that she had been stalked.

"'Stalking' is when any person purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct." Section 455.010(13). The undisputed evidence of both parties challenges both the "purposely and repeatedly" and "course of conduct" prongs that are necessary to find stalking.

"'Alarm' means to cause fear of danger of physical harm[.]" Section 455.010(13)(a).

"'Course of conduct' means a pattern of conduct composed of repeated acts over a period of time, however short, that serves no legitimate purpose. Such conduct may include, but is not limited to, following the other person or unwanted communication or unwanted contact[.]" Section 455.010(13)(b).

The first confrontation as set forth above in Teacher's words was a random meeting at Walmart. The facts are that Mother (who stated Teacher was avoiding her) wanted to speak to her child's teacher, accidentally ran into her at Walmart, and chose that opportunity to speak to her. Teacher, who was on her cell phone in the checkout line, stated she was off-duty and did not need to speak to Mother. Mother was angry for being brushed aside and ended up in a verbal confrontation with her. The first event

3

cannot be classified under the definition of stalking as it was not "purposely and repeatedly" or a "course of conduct," that served no legitimate purpose.

The second event was a parent-teacher conference, an event that Mother was invited to and should attend, according to Teacher. In fact, while in Walmart, Teacher specifically told Mother that she should talk to her at the school. Mother was visiting with a teacher across the hall from Teacher and did not know that Teacher had taken out an Order of Protection against Mother. She was in the school for a legitimate purpose. It was an appropriate time for Teacher and Mother to talk about Mother's concerns about her child. It could not have caused alarm in Teacher to see Mother as a parent at a parent-teacher conference. Although Mother asked repeatedly to speak with Teacher at the time set aside when parents and teachers are supposed to talk, Teacher chose not to talk to Mother and walked off. There is no evidence that Mother followed, harassed, or stalked Teacher in any way. The entry of the Order of Protection was a misapplication of the law.

As we have said:

It is important to note that the Adult Abuse Act was not intended to be a solution for minor arguments between adults. Prior courts have warned us that there is great potential for adults to abuse the stalking provision of the Adult Abuse Act:

The potential for abuse of the stalking provision of the Adult Abuse Act is great. And, the harm that can result is both real and significant, not the least of which will be the stigma that attaches by virtue of a person having been found to be a stalker. Moreover, such a finding could lead to criminal prosecution for violation of the criminal stalking statute, § 565.225. Thus, it is incumbent that the trial courts exercise great vigilance to prevent abuse of the stalking provisions in the Adult Abuse Act and in making sure that sufficient credible evidence exists to support all elements of the statute before entering a protective order.

4

*Patterson v. Pilot*, 399 S.W.3d 889, 898 n.17 (Mo. App. S.D. 2013) (quoting *Wallace v. Van Pelt*, 969 S.W.2d 380, 387 (Mo. App. W.D. 1998)).

This was an argument between two adults about a child. Orders of Protection are an attempt by the legislature to solve serious problems of adult abuse. Mother's point is granted. The judgment granting the Order of Protection is reversed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. - Concurs in Result in Separate Opinion

Mary W. Sheffield, P.J. - Concurs



# Missouri Court of Appeals

## Southern District

### Division Two

BETSY DEANN WASHBURN,      )
                                    )
        Petitioner-Respondent,     )
                                    )
vs.                                 )    No. SD33077
                                    )
SHEILA LYNN KIRK,        )
                                    )
        Respondent-Appellant.     )

### OPINION CONCURRING IN RESULT

I concur in the result.

"The trial court's judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. **Dennis v. Henley**, 314 S.W.3d 786, 787 (Mo.App. 2010) (citing **Murphy v. Carron**, 536 S.W.2d 30, 32 (Mo. banc 1976)). This Court views the evidence in the light most favorable to the judgment. **Id.**

In her sole point relied on, Mother claims there is no substantial evidence to support the trial court's implied finding that she engaged in two or more incidents of conduct evidencing a continuity of purpose that caused alarm to Teacher when it was reasonable in Teacher's situation to have been alarmed by Mother's conduct. Therefore,

there was no course of conduct from which to find "stalking" as defined by section 455.010.13. I agree.

Teacher presented evidence of only two incidents of Mother's conduct toward her. Regardless of whether the Walmart incident caused Teacher alarm when it was reasonable for her to be alarmed, Teacher produced no evidence that the parent-teacher conference incident did so. With regard to this incident, the evidence in the light most favorable to the trial court's judgment is Teacher's testimony that Mother's son was in her class, she told Mother at Walmart to contact her at school to talk about her son, a few weeks later Mother came into her school building for a parent-teacher conference with another teacher right across the hall from Teacher's room, Mother approached Teacher outside her room, they had a conversation about whether they could have a conversation as Teacher moved toward the school's office, and Teacher did not feel threatened during that incident. Nothing in this evidence supports a finding that Teacher was alarmed by Mother's conduct during this incident or that it was reasonable for Teacher to have been alarmed by Mother's conduct during this incident. Therefore, there is no substantial evidence that Mother engaged in the statutorily-required course of conduct that is essential to prove stalking, as defined by section 455.010.13. *See **Dennis***, 314 S.W.3d at 791.

GARY W. LYNCH, J. - author of opinion concurring in result